IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| HUGH RUSSELL HUGHES | § | |
| | § | |
| Plaintiff, | § | |
| | § | CIVIL ACTION NO. |
| V. | § | |
| | § | 3:06-CV-0926-K |
| BRINKER INTERNATIONAL, INC., | § | |
| | § | |
| Defendant. | § | |

### MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Brinker International, Inc.'s ("Defendant") Motion for Summary Judgment. The Court **GRANTS** the motion because Plaintiff Hugh Russell Hughes ("Plaintiff") has failed to raise a genuine issue of material fact on his age discrimination claim.

### I. Factual and Procedural Background

This is an employment discrimination case in which Plaintiff, a former employee of Defendant, asserts age discrimination claims under the Age Discrimination in Employment Act ("ADEA"). 29 U.S.C. 621 et seq. Plaintiff was hired by Defendant in 1996 as a manager at its On the Border ("OTB") restaurant in Garland, Texas. Nine months later Plaintiff was promoted to General Manager where he was responsible for managing the entire restaurant. Plaintiff remained in that position until he was terminated on June 14, 2004 by his Area Director, Mike Edwards. Edwards cited a history of poor performance and recent allegations of sexual harassment made against

Plaintiff as the basis for the termination. Plaintiff, age 41 at the time of his termination, alleges that he was terminated because of his age in violation of the ADEA. After exhausting his administrative remedies, Plaintiff filed this suit. Defendant moved for summary judgment on all of Plaintiff's claims.

## II. Summary Judgment

Summary judgment is appropriate when the pleadings, affidavits and other summary judgment evidence show that no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). All evidence and reasonable inferences must be viewed in the light most favorable to the nonmovant. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

The ADEA makes it unlawful "for an employer . . . to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment because of such individual's age." 29 U.S.C. 623(a)(1). When a plaintiff alleges disparate treatment, liability depends on whether the plaintiff's age, the protected trait under the ADEA, actually motivated the employer's decision. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 141 (2000), *Rachid v. Jack In The Box, Inc.*, 376 F.3d 305, 309 (5th Cir. 2004).

The Court uses a three step process to evaluate ADEA claims at the summary judgment stage, the modified McDonnell Douglas approach. *Rachid*, 376 F.3d at 312.

First, the plaintiff must establish a prima facie case of discrimination, which creates a presumption that the employer engaged in unlawful discrimination. *Tex. Dept't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 254 (1981). Second, the burden shifts to the employer to articulate a legitimate, nondiscriminatory reason for discharging the employee. *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 506-07 (1993). The defendant's burden is one of production, not persuasion, and involves no credibility assessments. *West v. Nabors Drilling USA, Inc.*, 330 F.3d 379, 385 (5th Cir. 2003). Finally, the burden shifts back to the plaintiff to offer sufficient evidence to create a genuine issue of material fact either: (1) that the defendant's reason is not true, but is instead a pretext for unlawful discrimination, or (2) that the defendant's reason, while true, is only one of the reasons for its conduct, and another motivating factor is the plaintiff's age. *Rachid*, 376 F.3d at 312.

### III. Defendant's Motion for Summary Judgment

We now turn to whether Plaintiff's claim survives summary judgment under the modified McDonnell Douglas approach detailed above.

#### A. Prima Facie Case

A plaintiff must show four things to make out a prima facie case of age discrimination. The plaintiff must show that (1) he was discharged; (2) he was qualified for the position; (3) he was within the protected class, meaning that he was at least 40 years of age; and (4) he was either i.) replaced by someone outside the protected class,

ii.) replaced by someone younger, or iii.) otherwise discharged because of his age. *Rachid*, 376 F.3d at 309. For the purposes of its motion for summary judgment, Defendant concedes that Plaintiff is able to establish a prima facie case.

### B. Defendant's Nondiscriminatory Reason

The burden now shifts to Defendant to articulate a legitimate, nondiscriminatory reason for terminating Plaintiff. Defendant points to poor performance and allegations of sexual harassment made against Plaintiff as its nondiscriminatory reasons for terminating Plaintiff.

#### 1. Poor Performance

Defendant alleges that Plaintiff was terminated, in part, because of poor performance in recent years as the manager of the Garland, Texas OTB. After several years of satisfactory performance, Plaintiff was "written up" for poor performance by his supervisor, Mike Edwards, in August, 2001. Edwards documented a laundry list of problems with Plaintiff's performance including failure to adhere to food and beverage specifications, safety procedures, staffing issues, cleanliness, and leadership concerns. Edwards noted that "[f]urther incidents will not be tolerated" and that "[d]isciplinary actions up to and including termination can result."

Plaintiff's performance, according to Defendant, did not improve after he was initially "written up." Just six months later, Plaintiff was again "written up" by Edwards based on similar problems. This time, Edwards noted that Plaintiff "has a history of not

achieving OTB operational standards," specifically Edwards cited problems with recipe adherence, store cleanliness, and Plaintiff's ability to follow the requests of his supervisors. Edwards concluded the report by warning that "[f]urther infractions of these standards will result in immediate termination."

Plaintiff again received a negative report as part of his August 2002 performance assessment. Among other things, the assessment indicated that Plaintiff did not live up to his own standards, did not set a good example for his employees, and failed to keep the facility clean. Plaintiff's overall performances was rated as "below expectations." Defendant alleges that Plaintiff's performance problems continued throughout 2003 and into 2004. In March of 2004, Plaintiff was "written up" two more times for staffing problems and failing to turn in safety reports.

## 2. Sexual Harassment Allegations

Defendant alleges that in addition to poor performance, Plaintiff was terminated because he allegedly sexually harassed a female employee. In early June, 2004, Edwards learned of allegations of sexual harassment against Plaintiff made by a female OTB employee. Edwards subsequently met with the employee, a hostess at the restaurant, to ask her about the alleged incident. The employee told Edwards that while she was in Plaintiff's office he said "all I can think about right now is how bad I want to jump your bones." Plaintiff allegedly followed that statement by saying "but the shear (sic) girth of it won't fit," and proceeded to hold up his hands and make two circles showing

how the circles would not fit into each other. Plaintiff denied that the incident ever happened when he was confronted by Edwards. Edwards met again with the employee to follow up on the incident. As a result of his investigation, Edwards concluded that the incident had occurred. Plaintiff was terminated on June 14, 2004.

Poor performance and alleged sexual harassment both constitute legitimate, nondiscriminatory reasons for terminating Plaintiff. Defendant has met its burden of production on these issues; the burden now shifts back to Plaintiff.

### C. Plaintiff's Burden

To carry its burden, Plaintiff must offer sufficient evidence to create a genuine issue of material fact either: (1) that Defendant's reason is not true, but is instead a pretext for unlawful discrimination, or (2) that Defendant's reason, while true, is only one of the reasons for its conduct, and another motivating factor is the plaintiff's age. Cite Desert Palace, Rachid v. Jack In The Box, Inc., 376 F.3d 305, 312 (5th Cir. 2004). Here, Plaintiff argues that Defendant's reason is not true, but is instead a pretext for discrimination. Plaintiff has not alleged that Defendant's reason, while true, is only one reason for its conduct, and that another motivating factor is Plaintiff's age. As a result, the Court need only consider whether Plaintiff has offered sufficient evidence to create a fact issue on the first prong of the test.

### 1. Poor Performance

Plaintiff argues that he was not terminated for poor performance. He points to a bonus he was paid upon termination, specific instances of good performance, and Defendant's failure to follow certain procedures that are utilized when an employee fails to meet expectations. None of these are sufficient for Plaintiff to raise a fact issue.

It is uncontroverted that Plaintiff had repeated, serious warnings that his performance was unsatisfactory and that termination would result if his performance did not improve. Evidence that Plaintiff wasn't *constantly* a poor performer and that he *sometimes* received praise from his supervisor is not sufficient to raise a genuine issue of material fact as to whether Defendant's reason is a false pretext for unlawful age discrimination. If this were the standard, an employer could never provide positive feedback to an underperforming employee without risking a possible claim that poor performance was not the true reason for that employee's subsequent termination.

Similarly, Defendant's failure to follow some of its procedures relating to underperforming employee's is insufficient to raise a fact issue. Plaintiff contends that in accordance with Defendant's policy on underperforming employees, he should have lost his car allowance and been placed on probation before being terminated. Defendant's failure to strictly follow its procedures may be evidence of poor management, but it does not amount to evidence of discrimination. *Perez v. Region 20 Educ. Serv. Ctr.*, 307 F.3d 318, 325 (5th Cir. 2002).

### 2. Sexual Harassment Allegations

Plaintiff argues that he was not terminated because of the allegations of sexual harassment made against him. Instead, he argues that Defendant's reliance upon the sexual harassment allegations is a pretext for unlawful age discrimination.

Plaintiff vehemently denies that the alleged sexual harassment took place. Whether Plaintiff actually sexually harassed the female employee is largely irrelevant to the issue before the Court. The material issue is whether Defendant's proffered reason, the sexual harassment allegations, is in fact the real reason for Plaintiff's termination, or merely a pretext for unlawful age discrimination. As a result, Defendant's denial of the sexual harassment allegations does nothing to show the existence of a genuine issue of material fact as to Defendant's proffered basis for the termination.

Finally, Plaintiff claims that Defendant failed to provide a consistent explanation for why he was terminated. Plaintiff argues that when he was initially terminated Edwards indicated that the termination was a result of poor performance and had nothing to do with the alleged sexual harassment. Moreover, Plaintiff points to a letter from Defendant's Director of Human Resources which indicates that he was terminated for "unsatisfactory job performance" as evidence of the inconsistent explanation. Plaintiff argues that the existence of the purported inconsistency is evidence that neither proffered reason is true, but that both are pretext for unlawful age discrimination. Plaintiff's position is without merit.

The fact that Defendant asserts two independent reasons for terminating Plaintiff does not raise a fact issue as to whether the proffered nondiscriminatory reasons for the termination are in fact pretext for unlawful age discrimination. First, Plaintiff acknowledged in his August 27, 2004, letter to Defendant that the sexual harassment issue was discussed with Edwards at the time of his termination and that Edwards told him "that in a situation where there are no witnesses, the employee wins." Plaintiff went on in his letter to complain about having his career destroyed by this allegation, evidencing his belief that the allegation was the basis for his termination. Now, Plaintiff argues that the allegation of sexual harassment had nothing to do with his termination, and that it is merely pretext for unlawful discrimination. Plaintiff cannot have his proverbial cake and eat it too. The Court finds no inconsistency in Defendant's proffered reasons for terminating Plaintiff. Additionally, the existence of an inconsistent explanation alone would not necessarily be sufficient to raise a fact issue. *See Nasti v. Ciba Specialty Chems.*, No. 06-20370, 2007 U.S. App. WL 2007498 (5th Cir. July 12, 2007) (noting that purported inconsistency in proffered reasons for termination was not enough to raise a fact issue).

In order to survive Defendant's motion for summary judgment, Plaintiff needed to show the existence of a genuine issue of material fact that both of Defendant's proffered reasons were merely pretexts for unlawful discrimination. Plaintiff has failed to show a pretext with respect to either reason proffered by Defendant for his

- 9 -

termination.

### IV. Conclusion

The Court **GRANTS** summary judgment for Defendant on all claims and dismisses this action with prejudice by judgment filed today.

**SO ORDERED.**

Signed September 17th, 2007.

_____
ED KINKEADE
UNITED STATES DISTRICT JUDGE